**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Illinois Avenue Partners LLC, *et al.*,[1] | ) | Case No. 26-10832 (TMH) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Hearing Date: September 28, 2026 at 11:00 a.m. (ET)**<br>**Obj. Deadline: September 11, 2026 at 4:00 p.m. (ET)** |

**MOTION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 4001 AND 9019, APPROVING THE STIPULATION BY AND AMONG THE CHAPTER 7 TRUSTEE, VALLEY NATIONAL BANK AND SILVERVIEW CREDIT PARTNERS LP**

Ricardo Palacio, solely as the chapter 7 trustee (the "Trustee") of Illinois Avenue Partners, LLC, et al. (collectively the "Debtors") and their respective estates (the "Estates"), by and through his undersigned counsel, hereby submits this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. § 101-1532 (the "Bankruptcy Code"), and Rules 4001 and 9019 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), approving the *Stipulation by and Among the Chapter 7 Trustee, Valley National Bank, Silverview Credit Partners LP (i) Regarding Collection and Sharing of Accounts Receivable Proceeds, (ii) Modifying the Automatic Stay to Permit Use of Cash Collateral and (iii) Granting Related Relief* (the "Stipulation"), a copy of which is attached to the Proposed Order as **Exhibit 1**.

In support of this Motion, the Trustee relies upon the *Declaration of Ricardo Palacio, Chapter 7 Trustee, in Support of Motion for Entry of an Order, Pursuant to Sections 105(a) and*

[1] The Debtors in these chapter 7 cases and case numbers are: Illinois Avenue Partners LLC; 26-10832 (TMH); Auzmet Architectural LLC; 26-10833 (TMH); Baltic Avenue Partners LLC; 26-10834 (TMH), Indiana Avenue Partners LLC; 26-10835 (TMH), St. James Place Partners LLC; 26-10836 (TMH); and Vermont Avenue Partners LLC; 26-10837 (TMH).

*363 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9019, Approving the Stipulation by and among the Chapter 7 Trustee, Valley National Bank and Silverview Credit Partners LP*, attached hereto as **Exhibit B** (the "Palacio Declaration"). In support of the Motion, the Trustee respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order or judgment by the Court in connection with this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The statutory and other bases for the relief requested in this Motion are sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9019.

## BACKGROUND

### A. General Background

4. Prior to the Petition Date (as defined below), the Trustee understands that the Debtors contracted with their customers to procure, manufacture and/or install various customized exterior building solutions such as cladding, screening, and composite paneling systems for inclusion in construction projects throughout the United States. The Trustee further understands that Debtors' principal place of business was 1444 N. Cockrell Hill Road, Dallas, TX 75211.

5. On May 22, 2026 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code, commencing these Cases. (*See* Chapter 7 Cases, Dkt. Nos. 1).

6. Following the filing of the bankruptcy petitions, the United States Trustee for the District of Delaware appointed Ricardo Palacio to serve as interim Chapter 7 Trustee in these Cases.

7. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held and concluded on June 18, 2026, and Ricardo Palacio now serves as Chapter 7 Trustee.

8. The Trustee has not filed a motion to operate the businesses of the Debtors pursuant to section 721 of the Bankruptcy Code, and the Debtors currently have no business operations.

**B. Background Regarding The Stipulation[2]**

**(i) The Valley National Bank Credit Facility**

9. Prior to the Petition Date, Valley National Bank ("VNB") and the Debtors entered into that certain Credit Agreement, dated December 11, 2019 (as amended, restated, amended and restated, supplemented, or otherwise modified, and as reaffirmed from time to time, the "Credit Agreement"), pursuant to which VNB agreed to extend certain credit facilities to the Debtors.

10. Pursuant to the Credit Agreement and related loan documents, including that certain Pledge and Security Agreement dated December 11, 2019 and that Security Agreement dated March 15, 2021, each as amended from time to time (collectively, the "VNB Loan Documents"), VNB was granted a security interest in substantially all of the assets of the Debtors as and to the extent set forth in the VNB Loan Documents (but, for the avoidance of doubt, does not include (i) the Debtors' and the estates' rights, claims and causes of action arising under Chapter 5 of the

[2] All facts contained in this section "B" are stated upon information and belief based upon the Trustee's review of certain documents and information provided by others. Nothing contained herein should be construed as an admission of fact. The Trustee reserves all rights, claims and defenses to the fullest extent in the event the Motion and the Stipulation are not approved in full by the Bankruptcy Court.

Bankruptcy Code (but does include proceeds of any claim or action seeking recovery or turnover of Accounts Receivable) and (ii) any commercial tort claims not specified in the VNB Loan Documents) (the "Assets"). VNB perfected its security interest in such Assets (the "Collateral"), including accounts receivable of the Debtors (the "Accounts Receivable") and certain cash collateral, by, *inter alia*, the filing of UCC-1 financing statements in Delaware and Texas.

11. As of the Petition Date, the Debtors owed VNB no less than $9,923,028.35 under the Loan Documents (the "Prepetition Obligations").

**(ii) The Silverview Credit Partners LP Credit Facility**

12. Prior to the Petition Date, Silverview Credit Partners LP ("SCP" and together with the Trustee and VNB, the "Parties"), as agent, and the Debtors entered into that certain Loan and Security Agreement dated as of October 2, 2023 and evidenced by the filing of UCC-1 financing statements in the appropriate jurisdictions (the "SCP Loan Documents") pursuant to which SCP made a loan (the "SCP Loan") to the Debtors secured by substantially all of their Assets as and to the extent set forth in the SCP Loan Documents (but, for the avoidance of doubt, does not include (i) the Debtors' and the estates' rights, claims and causes of action arising under Chapter 5 of the Bankruptcy Code (but does include proceeds of any claim or action seeking recovery or turnover of Accounts Receivable) and (ii) any commercial tort claims not specified in the SCP Loan Documents).

13. As of the Petition Date, the Debtors owed SCP no less than $12,703,006.55 pursuant to the SCP Loan.

**(iii) The Debtors' Accounts Receivable**

14. The Parties believe that the Debtors have substantial outstanding Accounts Receivable, the collection of which would enrich the Estates for the benefit of all creditors. To

investigate and recover Accounts Receivable for the benefit of the Estates, it is necessary for the Trustee to retain one or more former employees, compensate his retained professionals (possibly) and incur related costs. Failing to obtain the necessary funding to support his recovery efforts will impair (or preclude altogether) any effort to recover Accounts Receivable and the value of those assets will erode and may be irretrievably lost.

15. With these circumstances in mind, the Parties engaged and negotiated the terms of the Stipulation that, if approved, will enable the Trustee to pursue recovery of Accounts Receivable. Those negotiations proved successful resulting in an agreement among the Parties that is memorialized in the Stipulation, for which the Trustee seeks Court approval.

**C. The Stipulation**

16. The Parties, following good faith and arm's-length negotiations, have negotiated the Stipulation in resolution of (i) VNB's and SCP's asserted claims against the Estates, (ii) the Estates' need for use of cash collateral and (iii) the collection and sharing of proceeds of Accounts Receivable as set forth in the Stipulation. The Stipulation contains the following key terms:[3]

- Upon the Effective Date (as defined in the Stipulation), the automatic stay pursuant to section 362 of the Bankruptcy Code shall be modified to the extent necessary to permit the Trustee's use of VNB's cash collateral pursuant to section 363 of the Bankruptcy Code to pay for: (i) services provided by NetShare, Netsuite, Microsoft SharePoint and any additional necessary data, software or other services relating to the collection of the Accounts Receivable as agreed to by the Trustee and VNB, in amounts approved in writing in advance by VNB; (ii) consulting services to be provided by Ashley Ellis, the Debtors' former vice president of accounting, and such other consultants as the Trustee may seek to engage in connection with collection of the Accounts Receivable, in each case in amounts approved in writing in advance by VNB; and (iii) any additional costs and expenses incurred by the Trustee in connection with the collection of the Accounts Receivable, in amounts approved in writing in advance by VNB. (Stipulation ¶2).

[3] The summary of the Stipulation provided for herein is provided solely for the convenience of the Court and is not intended to be a comprehensive recitation of all of the terms of the Stipulation. The summary is qualified in its entirety by the actual terms of the Stipulation, and to the extent that there is any inconsistency between the summary provided for herein and the actual terms of the Stipulation, the actual terms of the Stipulation shall control.

- With respect to the Accounts Receivable, the Parties, by executing the Stipulation, agree and acknowledge that the Trustee shall endeavor to use his best efforts to collect the Accounts Receivable; however, the Trustee may, but shall not be obligated to, commence litigation to collect the Accounts Receivable and the Trustee shall retain sole discretion on the manner and extent in which the Accounts Receivable are pursued, litigated or resolved; provided, further, however, that prior written consent of VNB shall be required for the resolution, settlement or compromise of any Accounts Receivable with face value in excess of $50,000 (individually or collectively owed by a single account debtor or known group of affiliated account debtors). In addition, the Trustee shall regularly consult with VNB and shall provide VNB with such information and reports regarding collection of the Accounts Receivable as VNB shall reasonably request. (Stipulation ¶3)

- To the extent the Trustee is successful in collection of any Accounts Receivable, the net proceeds, after deducting any reasonable costs incurred by the Trustee, including, (i) allowed professional fees (and expenses) incurred by professionals retained by the Trustee, (ii) Trustee commissions calculated under section 326(a) of the Bankruptcy Code (on the gross amount of Accounts Receivable collected) and (iii) consultation fees and incentives set forth in paragraph 5 of the Stipulation for Ashley Ellis (and any other consultant the Trustee may engage, with any such engagement approved by VNB) (the "Net Proceeds"), shall be allocated as follows:

    - For the first $0.00 to $2,000,000.00 in Accounts Receivable collected, eighty percent (80%) of the Net Proceeds shall be allocable to VNB with the remaining twenty percent (20%) allocable to the Trustee for the benefit of the Estates;
    - For any Accounts Receivable collected between $2,000,000.01 and $3,000,000.00, seventy-five percent (75%) of the Net Proceeds shall be allocable to VNB, five percent (5%) of the Net Proceeds shall be allocable to SCP, and twenty percent (20%) of the Net Proceeds shall be allocable to the Trustee for the benefit of the Estates;
    - For any Accounts Receivable collected between $3,000,000.01 and $4,000,000.00, seventy percent (70%) of the Net Proceeds shall be allocable to VNB, five percent (5%) of the Net Proceeds shall be allocable to SCP, and twenty-five percent (25%) of the Net Proceeds shall be allocable to the Trustee for the benefit of the Estates; and
    - For any Accounts Receivable collected in excess of $4,000,000.00, sixty percent (60%) of the Net Proceeds shall be allocable to VNB, ten percent (10%) of the Net Proceeds shall be allocable to SCP, and thirty percent (30%) of the Net Proceeds shall be allocable to the Trustee for the benefit of the Estates.
    - For the avoidance of doubt, any Net Proceeds allocated to the Estates shall be (i) unencumbered, and (ii) free and clear of any lien, claim, interest or other encumbrances held by VNB, SCP or any other creditor or party in interest. (Stipulation ¶3).

- Any Net Proceeds allocable to VNB or SCP as set forth above respectively shall, without further order of the Court, be paid or turned over by the Trustee to VNB or SCP as appropriate and consistent with the Stipulation. Nothing in the Stipulation shall be deemed to limit, in any way, VNB's right to object to the Trustee's fees and expenses. (Stipulation ¶4).

- The Trustee is authorized to engage Ashley Ellis as a consultant in connection with the collection of Accounts Receivable, and may compensate Ms. Ellis at a rate of $85 per hour with incentive payments to be made upon satisfaction of milestones as set forth in the Stipulation. (Stipulation ¶5).

- The Trustee stipulates to the validity, priority, perfection and amount of liens and claims held by VNB and SCP. (Stipulation ¶¶7-12).[4]

17. The Trustee has worked with his advisors to review the Stipulation and determined it is reasonable and appropriate. The Stipulation is the product of good faith, arms-length negotiations by and among the Parties, and is in the best interest of the Estates.

## **RELIEF REQUESTED**

18. By this Motion, the Trustee seeks entry of the Proposed Order approving the Stipulation, pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9019.

## **BASIS FOR RELIEF REQUESTED**

19. The Trustee's entry into the Stipulation will require the Trustee to use or compromise the Estates' assets, namely cash collateral and accounts receivable. The Trustee's use and/or compromise of that estate property is governed by section 363 of the Bankruptcy Code. 11 U.S.C. § 363(b)(1). The Trustee believes that the requirements of section 363 permitting the use of the Estates' property to the extent required under the Stipulation have been met in that, among other things, the parties with an interest in cash collateral and the Accounts Receivable (*i.e.*, VNB

[4] Except as to the validity, priority, perfection and amount of liens and claims held by VNB and SCP, the Stipulation does not contain any release of claims.

and SCP) have consented to the Trustee's use in accordance with the Stipulation. Accordingly, the Trustee submits he has satisfied section 363 of the Bankruptcy Code.

20. Furthermore, the Trustee's entry onto the Stipulation is subject to Bankruptcy Rule 9019, which provides, in relevant part:

> On motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, . . . and indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

21. Settlements and compromises are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 428 (1968). It is well settled that to "minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 *Collier on Bankruptcy* ¶ 9019.03[1] (15th ed. 1993)); *see also Will v. Northwestern Univ. (In re Nutraquest, Inc.*), 434 F.3d 639, 644 (3d Cir. 2006) (finding that "[s]ettlements are favored [in bankruptcy]"); *In re Adelphia Commc'n Corp.*, 361 B.R. 337, 348 (Bankr. D. Del. 2007) (same). Accordingly, when required, "courts are able to craft flexible remedies that, while not expressly authorized by the [Bankruptcy] Code, affect the result the [Bankruptcy] Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003).

22. Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and in the best interest of the estate. *See In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del 1998) ("[T]he ultimate inquiry [is] whether 'the compromise is fair, reasonable, and in the interest of the estate.'" (citation omitted)); *In re Northwestern Corp.*, 2008

WL 2704341, at *6 (Bankr. D. Del. July 10, 2008) ("[T]he bankruptcy court must determine whether the compromise is fair, reasonable, and in the best interests of the estate.") (citation omitted); *In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr D. Del. 2005) ("[T]he bankruptcy court has a duty to make an informed, independent judgment that the compromise is fair and equitable."). "Ultimately, the decision whether or not to approve a settlement agreement lies within the sound discretion of the Court." *In re Nortel Networks, Inc.*, 522 B.R. 491, 510 (Bankr. D. Del. 2014).

23. In *Martin*, the United States Court of Appeals for the Third Circuit set forth a four-factor balancing test under which bankruptcy courts are to analyze proposed settlements. The factors the Court must consider are: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Martin*, 91 F.3d at 393. *See also In re Nutraquest*, 434 F.3d at 644–45 (applying *Martin*'s four-factor test to affirm district court's order approving settlement); *Key3Media*, 336 B.R. at 93 (holding that, when determining whether a compromise is in the best interests of the estate, courts must "assess and balance the value of the claim that is being compromised against the value of the estate of the acceptance of the compromise proposal").

24. Importantly, it is well-established that a settlement proponent need not convince the Court that a settlement is the best possible compromise, but only that the settlement falls "within the reasonable range of litigation possibilities somewhere above the lowest point in the range of reasonableness." *In re Nutritional Sourcing Corp.*, 398 B.R. 816, 833 (Bankr. D. Del. 2008). *See also In re W.R. Grace & Co.*, 475 B.R. 34, 77–78 (Bankr. D. Del. 2012) ("In analyzing the compromise or settlement agreement under the *Martin* factors, courts should not have a

'mini-trial' on the merits, but rather should canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness."); *Nortel*, 522 B.R. at 510 (same).

25. The Trustee respectfully submits that the Stipulation satisfies the criteria set forth in *Martin* and Bankruptcy Rule 9019. First, the Trustee and his professionals have reviewed all documents described earlier in this Motion and have investigated the transactions discussed above. As a result of that investigation, the Trustee believes the Stipulation provides the Estates with a much greater opportunity to maximize the value of the Accounts Receivable for the benefit of stakeholders than would be available to the Estates if VNB and SCP were to seek relief from the automatic stay and foreclose on the Accounts Receivable. In the event the latter outcome were to occur, it is unlikely that the Estates would receive any proceeds of Accounts Receivable whereas, under the Stipulation, the Estates hold the potential for a sizeable recovery.

26. Second, the Stipulation provides concrete benefits for the Estates and creditors as compared against any potential claims against VNB and/or SCP. To be clear, the Trustee is currently unaware of any viable claims against either VNB or SCP that, if asserted, would likely result in recoveries for the Estates. On the other hand, the Stipulation, if approved, will result in a certain percentage of proceeds of Accounts Receivable being made available to the Estates as discussed herein.

27. Third, the Stipulation is beneficial to the Estates in that the Trustee will have use of cash collateral in order to administer the Estates and pursue recovery of Accounts Receivable as set forth in the Stipulation. Absent consensual use of cash collateral as permitted under the Stipulation, the Trustee's ability to administer these cases would be impaired.

28. Finally, the paramount interest of creditors strongly favors approval of the Stipulation. The Stipulation is the result of arms-length negotiations among the Parties and

represents a fair compromise for the Estates as described above and as supported by the Palacio Declaration.

29. Accordingly, the Trustee respectfully submits that the *Martin* factors are met, the Stipulation falls well within the lowest "range of reasonableness," and, therefore, the Stipulation should be approved pursuant to Bankruptcy Rule 9019.

**NOTICE**

30. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the Debtors; (c) counsel to VNB; (d) counsel to SCP; and (e) all parties who have requested notice in these Cases pursuant to Bankruptcy Rule 2002. In light of the nature of relief requested in this Motion and consistent with 11 U.S.C. § 102(1), the Trustee respectfully submits that no further notice is necessary.

31. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: August 28, 2026
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

/s/ *Gregory A. Taylor*
Gregory A. Taylor (DE No. 4008)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
Telephone: (302) 654-1888
Email: gtaylor@ashbygeddes.com

*Counsel to Ricardo Palacio, Chapter 7 Trustee of the Debtor*